IN THE UNITED STATES DISTRICT COURT
                    FOR THE MIDDLE DISTRICT OF GEORGIA
                              COLUMBUS DIVISION

DR. THERESA BRADLEY, PSY.D.,         *

    Plaintiff,                      *

vs.                                  *
                                          CASE NO. 4:09-CV-98 (CDL)
SOVEREIGN BANK and SANTANDER         *
GROUP,
                                     *
    Defendants.
                                     *

## O R D E R

Plaintiff alleges that Defendants violated the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* ("FDCPA") and the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.* ("FCRA") during their attempts to collect payments and late fees on a car loan which they had made to her. Plaintiff also alleges that Defendants' collection efforts constitute fraud and breach of contract under Georgia law. Defendants seek summary judgment as to Plaintiff's claims. For the following reasons, Defendants' Motion for Summary Judgment (Doc. 22) is granted as to Plaintiff's claims under the FDCPA and FCRA. The Court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law breach of contract and fraud claims, and those claims are dismissed without prejudice.[1] *See* 28 U.S.C. § 1367(c)(3).

---

[1]Plaintiff's Motion to Quash Non-Party Subpoena (Doc. 16) and Plaintiff's Motion for Hearing (Doc. 29) are moot in light of the Court's ruling on Defendants' summary judgment motion.

## SUMMARY JUDGMENT STANDARD

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c)(2). In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). A fact is *material* if it is relevant or necessary to the outcome of the suit. *Id.* at 248. A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party. *Id.*

## FACTUAL BACKGROUND

Unless otherwise noted, the following facts are undisputed for purposes of the presently pending motion.[2]

Both Defendants are banks. (Am. Compl. ¶¶ 5-6.) Plaintiff obtained a car loan from Defendants in January 2008. (Ex. B to

---

[2]Plaintiff, who is proceeding *pro se*, did not respond to Defendants' statement of material facts as required by the Court's local rules. Nonetheless, the Court is satisfied based on Plaintiff's response to Defendants' motion that Plaintiff understood her basic obligation to respond to Defendants' summary judgment motion and point the Court to evidence she contends contradicts the material facts asserted by Defendants.

Defs.' Statement of Material Facts as to Which There Exist No Genuine Issue to be Tried [hereinafter Defs.' SMF], Retail Installment Sale Contract 1, Jan. 21, 2008 [hereinafter Loan Agreement].) The terms and conditions of the Retail Installment Sale Contract ("Loan Agreement") for the car loan state that Plaintiff's payments were due on the 20th day of each successive month. (*Id.*) The Loan Agreement also provides Defendants with the following default remedies: (1) immediate payment of all Plaintiff owed under the Loan Agreement, including late fees; (2) payment of any collection costs incurred; and (3) repossession of the vehicle. (*Id.* at 2 § 3(b), (c), & (d).)

From September 2008 until May 2009, Plaintiff and Defendants engaged in correspondence regarding a dispute over the timeliness of Plaintiff's loan payments. (Ex. B to Pl.'s Resp. to Defs.' Mot. for Summ. J. [hereinafter Pl.'s Resp.], Letter from Defendants' Representative to Plaintiff, Oct. 2, 2008 [hereinafter 10/02/08 Letter]; Ex. C to Defs.' SMF, Letter from Defendants' Counsel to Plaintiff 1-2, July 9, 2009 [hereinafter 07/09/09 Letter].) The dispute resulted in Defendants charging Plaintiff late fees, which Plaintiff refused to pay. (07/09/09 Letter at 2; Ex. D to Pl.'s Resp., Letters from Defendants' Collection Representatives to Plaintiff, Feb. 25, 2009 & Mar. 17, 2009 [hereinafter Collection Letters].) The extensive correspondence between Plaintiff and Defendants included internet correspondence, telephone calls, and

3

letters. (10/02/08 Letter at 1; Ex. D to Defs.' SMF, Audio CD Recording of Telephone Conversations between Plaintiff and Defendants' Customer Service Representatives [hereinafter Audio CD].) Defendants, however, ultimately waived the late fees charged for the period of September 2008 through May 2009. (07/09/09 Letter at 2; *see also* 10/02/08 Letter at 1 (waiving first late fee assessed in September 2008).)

Plaintiff and Defendants also disputed (and continue to dispute) whether Plaintiff submitted a January 2009 payment on her loan. (07/09/09 Letter at 1.) Defendants contacted Plaintiff multiple times via telephone and letter in attempts to collect the January 2009 payment and other amounts they claimed were due under the Loan Agreement. (Audio CD; Collection Letters.) Plaintiff alleges she made multiple requests for a loan payment history from Defendants. (Am. Compl. ¶ 22.) Defendants subsequently provided Plaintiff with a loan payment history that indicated Plaintiff failed to make a January 2009 payment. (Attach. 1 to Ex. E to Defs.' SMF, Letter from Defendants' Counsel to Plaintiff 1, June 11, 2009.) Plaintiff, however, contends that Defendants held or lost her timely submitted January 2009 payment. (*See* Pl.'s Resp. 9-10, 12-14.)

## DISCUSSION

Plaintiff generally alleges Defendants violated the FDCPA and the FCRA, but she failed to direct the Court to the specific

4

provisions that she claims they violated. Plaintiff's failure to specify the alleged violations, however, is not the basis for the Court's summary judgment in favor of Defendants. The fatal deficiencies in Plaintiff's action are: (1) that the FDCPA does not apply to Defendants, who were collecting their own debt; and (2) no evidence exists from which a reasonable factfinder could conclude that Defendants violated the FCRA.

**I. Plaintiff's FDCPA Claim**

The evidence is undisputed that Defendants were collecting a loan that they made to Plaintiff and were not acting on behalf of any other entity. Therefore, Defendants are not subject to the FDCPA. The FDCPA was enacted "to eliminate abusive debt collection practices by *debt collectors*." 15 U.S.C. § 1692(e) (emphasis added). The FDCPA defines "debt collector" as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or *due or asserted to be owed or due another*."[3] *Id.* § 1692a(6) (emphasis added). Further, under the FDCPA a "creditor" is "any person who offers or extends credit creating a debt or to whom a debt is owed[.]" *Id.* § 1692a(4). Given these definitions,

---

[3]The FDCPA definition of "debt collector" contains several exceptions, none of which are applicable here. *See* 15 U.S.C. § 1692a(6).

"the federal courts are in agreement: A bank that is a creditor is not a debt collector for the purposes of the FDCPA and creditors are not subject to the FDCPA when collecting their accounts." *Montgomery v. Huntington Bank*, 346 F.3d 693, 699 (6th Cir. 2003) (internal quotation marks omitted) (collecting cases); *see also Aubert v. Am. Gen. Fin., Inc.*, 137 F.3d 976, 978 (7th Cir. 1998) ("Creditors who collect in their own name and whose principal business is not debt collection, therefore, are not subject to the [FDCPA].").

Here, it is undisputed both Defendants are banks that originated Plaintiff's car loan. (Am. Compl. ¶ 7; Loan Agreement at 1.) Since Defendants originated Plaintiff's car loan, they are creditors under the FDCPA. Therefore, neither Defendant is a "debt collector" subject to the FDCPA. Accordingly, Defendants' summary judgment motion on Plaintiff's FDCPA claim is granted.

## II. Plaintiff's FCRA Claim

It is undisputed that Defendants' only possible obligations under the FCRA arose from the furnishing of information to a consumer reporting agency.[4] Under 15 U.S.C. § 1681s-2, the FCRA imposes two

---

[4] The FCRA also imposes obligations on consumer reporting agencies. *Chipka v. Bank of Am.*, 355 F. App'x 380, 382 (11th Cir. 2009) (per curiam) (citing 15 U.S.C. § 1681b). Defendants are not consumer reporting agencies. The FCRA defines a "consumer reporting agency" as "any person which . . . regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information . . . for the purpose of furnishing consumer reports to third parties." 15 U.S.C. § 1681a(f). The statutory definition, however, excludes those that solely report information "as to transactions or experiences between the consumer and the

6

separate duties on information furnishers. "Under subsection (a), persons may not knowingly furnish inaccurate information to a consumer reporting agency, must correct any such furnished information, and must notify a consumer reporting agency when any information is disputed by a consumer." *Chipka v. Bank of Am.*, 355 F. App'x 380, 383 (11th Cir. 2009) (per curiam) (citing 15 U.S.C. § 1681s-2(a)(1)-(3)). "In accordance with subsection (b), furnishers of consumer credit information must also verify the sufficiency and accuracy of the information when notified by a consumer reporting agency of a credit-report dispute." *Id.* (citing 15 U.S.C. §§ 1681s-2(b) & 1681i(a)(2)). "Congress, however, expressly reserved enforcement of subsection (a) to governmental agencies and officials, thereby limiting a consumer's private cause of action against a furnisher of credit information to violations of § 1681s-2(b)." *Id.* (citing 15 U.S.C. § 1681s-2(c)-(d)); *accord Green v. RBS Nat'l Bank*, 288 F. App'x 641, 642 (11th Cir. 2008) (per curiam). Further, since Plaintiff has produced no evidence that either Defendant received notice of a credit-report dispute from a consumer reporting agency requesting verification of the accuracy of the reported information, Defendants' obligation to verify pursuant

---

person making the report." *Id.* § 1681a(d)(2)(A)(i); *see also Smith v. First Nat'l Bank of Atlanta*, 837 F.2d 1575, 1578 (11th Cir. 1988) (per curiam) (holding that a bank reporting information solely on its own experience with one of its customers was not acting as a "consumer reporting agency" within the meaning of the FCRA).

7

to subsection (b) was never triggered. *Green*, 288 F. App'x at 642 ("The FCRA does provide a private right of action for a violation of § 1681s-2(b), but only if the furnisher received notice of the consumer's dispute from a consumer reporting agency."); *accord Peart v. Shippie*, 345 F. App'x 384, 386 (11th Cir. 2009) (per curiam). Accordingly, Plaintiff's FCRA claim fails as a matter of law, and Defendants are entitled to summary judgment.

CONCLUSION

As discussed above, the Court finds that Plaintiff's claims under the FDCPA and the FCRA fail as a matter of law. Accordingly, Defendants' Motion for Summary Judgment (Doc. 22) is granted as to Plaintiff's federal law claims. The Court declines to exercise supplemental jurisdiction over Plaintiff's state law claims, and those claims are dismissed without prejudice. *See* 28 U.S.C. § 1367(c)(3).

IT IS SO ORDERED, this 8th day of July, 2010.

S/Clay D. Land
CLAY D. LAND
UNITED STATES DISTRICT JUDGE